UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Warren R. Thompson,

        Plaintiff,

vs.                           REPORT AND RECOMMENDATION

US Government,
VAMC-Fargo, and Dr.
David T. Mortensen,

        Defendants.        Civ. No. 09-3219 (JRT/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction.

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Warren R. Thompson for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2.

For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed for failure to state a claim upon which relief can be granted, and for lack of prosecution.

## II. Factual and Procedural Background.

The Plaintiff commenced this action on November 18, 2009, by filing a Complaint with the Clerk of Court. See, Complaint, Docket No. 1. Rather than pay the $350.00 filing fee that is required for the filing of a civil action in Federal Court, the Plaintiff filed an IFP Application. See, Docket No. 2. In our initial review of the Plaintiff's submissions, we found that the Plaintiff's IFP Application could not be granted because his Complaint did not state a claim upon which relief could be granted. See, Docket No. 3, at pp. 2-3.

The factual allegations of his Complaint, in their entirety, read as follows:

> (1) Post operative repair of hernia that went bad immediately after surgery. I had a hernia repair done at the VA Medical Center in Fargo, ND. After the hernia repair, I was left with constant chronic pain that has responded very poorly to medical therapy. Because of the chronic right inguinal hernia pain, I cannot stand or sit in more than one position for more than 10 minutes. I cannot lift more than five pounds and cannot do repetitive bending.
>
> (2) I had a hernia repair at the VA Medical Center in Fargo, ND that left me with chronic constant pain.

Complaint, supra at p. 4.

As relief, the Plaintiff seeks five million dollars ($5,000,000.00) in damages. Id.

Appended to the Plaintiff's Complaint are more than two hundred (200) pages of documents, which are primarily comprised of medical records, and communications with the Department of Veteran Affairs. It appears that the Plaintiff filed an administrative tort claim with the Department of Veterans Affairs, in relation to his hernia surgery. See, <u>Docket 1-1</u>, at pp. 88-89 of 103. The claim was denied on October 7, 2008, at which time, he was advised that the investigation had revealed no negligent act or omission in relation to his hernia treatment. <u>Id.</u> at p. 88 of 103. Apparently, he requested reconsideration of that decision, and his claim was denied at that level on May 27, 2009. <u>Id.</u> at p. 92 of 103. The Plaintiff was advised that his claim was untimely, and that, if he disagreed with the denial of his claim, he could file a lawsuit under the Federal Tort Claims Act ("FTCA"), see, Title 28 U.S.C. §§2671-2680, in a Federal District Court, within six (6) months following that denial. <u>Id.</u>

On November 26, 2009, we advised the Plaintiff that if he intended to pursue this action, he must submit a new pleading, so as to cure the elemental pleading deficiencies that we had identified in his original Complaint. See, <u>Docket No. 3</u>. Specifically, we advised the Plaintiff, as follows:

> If the Plaintiff does not file an Amended Complaint within

> the time allowed, he will be deemed to have abandoned this action and it will be recommended that the action be dismissed without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Id. at p. 4 of 5.

The deadline has since passed, and the Plaintiff has not filed an Amended Complaint, or otherwise responded to our Order.

### III. Discussion.

An IFP Application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim upon which relief can be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).

To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle the complainant to some legal redress against the named defendants, based on a settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980), citing Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976), and Ellingburg v. King, 490 F.2d 1270 (8th Cir. 1974).

Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading fails to state an actionable claim, because it does not describe any acts or omissions by any of the named Defendants that could cause them to be liable under any legal theory. Except for a brief reference to the "VA Medical Center," the substantive allegations in the Complaint do not even mention the named Defendants, nor do they identify any legal basis for the Plaintiff's lawsuit. As noted, the Plaintiff has submitted a disorganized collection of documents with his Complaint, which suggest that he **might** be trying to bring a claim against the United States under the FTCA, based upon alleged medical malpractice by a federally employed doctor. However, that is sheer speculation, because the Complaint itself does not actually state such a claim.

Insofar as the Plaintiff's Complaint may be liberally construed to be attempting to assert a claim for medical malpractice under the FTCA, we nevertheless find that the Plaintiff's claim must fail since the Plaintiff has not pleaded an actionable claim for medical malpractice. "The FTCA waives federal sovereign immunity and grants federal district courts jurisdiction over a certain category of claims against the United States only to the extent that a private person, under like circumstances, would be liable to the plaintiff under the substantive law of the state where the alleged wrongful

conduct too place." Green Acres Enterprises, Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005), citing Washington v. Drug Enforcement Admin., 183 F.3d 868, 873 (8th Cir. 1999). "Thus, to state a claim that is cognizable under the FTCA, a claim against the government must have a 'private analogue'; in other words, the claim must be such that a similarly situated private party would be liable for the same conduct [in the state of the wrongful conduct]." Id.

However, the Plaintiff has not alleged any acts or omissions on the part of the named Defendants, so as to violate the applicable standard of care resulting in an injury. Indeed, all that the Plaintiff really alleges is that he suffers from chronic pain as a result of his hernia surgery, which clearly does not state a plausible cause of action for medical malpractice.

In sum, we find that the Plaintiff has failed to plead an actionable claim against the named Defendants, because his Complaint does not describe any acts, or failures to act, by the Defendants, which violated his rights. Indeed, the Complaint does not describe any acts, or omissions of any kind, that are attributable to any of the named Defendants. Since the Plaintiff has failed to plead a cause of action upon which relief can be granted, we conclude that this case must be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii). Additionally, we find that this case should be

dismissed for lack of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure. Accordingly, we also recommend that the Plaintiff's IFP application be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>in forma pauperis</u> [Docket No. 2] be denied, as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii), and Rule 41(b), Federal Rules of Civil Procedure, for lack of prosecution.

Dated: March 4, 2010       *s/Raymond L. Erickson*
                           Raymond L. Erickson
                           CHIEF U.S. MAGISTRATE JUDGE

# N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 18, 2010,** a writing which specifically identifies those portions of the Report

to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 18, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.