# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WARREN R. THOMPSON,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES GOVERNMENT,<br>VAMC-FARGO, and<br>DR. DAVID T. MORTENSEN,<br><br>Defendants. | Civil No. 09-3219 (JRT/RLE)<br><br>**ORDER ADOPTING THE REPORT<br>AND RECOMMENDATION OF THE<br>MAGISTRATE JUDGE** |

Warren R. Thompson, 6957 Mission Road, Bemidji, MN 56601, plaintiff *pro se*.

On November 18, 2009, Warren Thompson filed a *pro se* complaint against the above-named defendants and an application for leave to proceed *in forma pauperis* ("IFP"). On March 4, 2010, United States Magistrate Judge Raymond L. Erickson filed a Report and Recommendation recommending that the Court deny Thompson's application to proceed IFP and summarily dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Thompson filed a letter with the Court, which the Court construes as timely filed objections to the Report and Recommendation. After *de novo* review, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn. Local Rule 72.2, the Court overrules the objections and adopts the Report and Recommendation of the Magistrate Judge.

On November 18, 2009, Thompson filed a complaint against defendants and an application for leave to proceed IFP. (*See* Docket Nos. 1-2.) Thompson alleges the following facts in his complaint:

> (1) Post operative repair of hernia that went bad immediately after Surgery. I had a hernia repair done at the VA medical Center in Fargo, ND. After hernia repair, I was left with constant chronic pain that has responded very poorly to medical therapy. Because of the chronic right inguinal hernia pain, I cannot stand or sit in more than one position for more than 10 minutes. I cannot lift more than five pounds and cannot do repetitive bending.
>
> (2) I had a hernia repair at the VA Medical Center in Fargo, ND that left me with chronic constant pain.

(Compl. at 4, Docket No. 1.) Thompson seeks five million dollars in damages. (*Id.*)

Thompson attached several documents to his complaint, primarily medical records and communications from the Department of Veteran's Affairs (the "Department"). As noted by the Magistrate Judge, the documents show that Thompson filed an administrative tort claim with the Department alleging negligence relating to his hernia treatment, but the Department denied his claim. (Compl. Ex. 1 at 88-92.) The Department advised Thompson that if he disagreed with the denial, he could file in federal court a claim under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671 *et seq.*, within six months following the denial. (*Id.* at 92.)

On November 26, 2009, the Magistrate Judge issued an order informing Thompson that his initial complaint "fails to state an actionable claim for relief because it does not describe any acts or omissions by any of the named Defendants that could cause them to be liable under any legal theory." (Order at 2, Docket No. 3.) As a consequence, the Magistrate Judge directed Thompson to file an amended complaint within thirty days describing "what, specifically, the named Defendants allegedly did or failed to do that has caused them to be sued. The Plaintiff will also have to clearly identify the legal basis for his lawsuit." (*Id.* at 3-4.) The Magistrate Judge stated that if Thompson did not file

an amended complaint within the thirty days, the Magistrate Judge would recommend that the Court dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). (*Id.* at 4.) The Magistrate Judge's order provided substantial guidance to Thompson to assist him in curing the deficiencies of the original complaint, and referred Thompson to the Federal Bar Association's ("FBA") lawyer-referral panel for *pro se* litigants. (*See generally id.* at 1-4.)

Thompson did not file an amended complaint within the time allowed, and the Magistrate Judge filed a Report and Recommendation recommending that the Court summarily dismiss Thompson's action for failure to state a claim and for lack of prosecution. (Report & Recommendation at 1, Docket No. 5.) Thompson filed a letter in response – which the Court construes as timely filed objections. (*See* Docket No. 6.) Thompson's letter does not challenge the Magistrate Judge's conclusions. Instead, Thompson asserts that he has been unable to obtain legal assistance from resources such as legal aid or the FBA lawyer-referral panel.[1] (*See* Docket No. 6.)

In light of Thompson's *pro se* status, the Court liberally construes Thompson's complaint and objections. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). After *de novo* review of the Report and Recommendation, the Court concludes that the Magistrate Judge did not err. Thompson's complaint does not allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" under the FTCA or under any other legal theory. *See Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct.

---

[1] In an attachment to his letter, Thompson submits a copy of a letter from an attorney affiliated with FBA Pro Se Project. In that letter, the attorney informs Thompson that she is unable to act as his counsel in light of her conclusion that Thompson's action is time-barred. (Letter from Janel M. Dressen, Ex. at 19-21, Docket No. 6.)

1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because Thompson's complaint fails to state a claim on which relief may be granted, the Court denies Thompson's application to proceed IFP as moot and dismisses this action without prejudice.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**ORDER**

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 6] and **ADOPTS t**he Report and Recommendation of the Magistrate Judge dated March 4, 2010, [Docket No. 5]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint [Docket No. 1] is **DISMISSED without prejudice**.

2. Plaintiff's application to proceed *in forma pauperis* [Docket No. 2] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 2, 2010            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
           United States District Judge

---

[2] The Magistrate Judge also recommended that the Court dismiss Thompson's complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). Because the Court concludes here that Thompson failed to state a claim on which relief may be granted, the Court does not reach the question of dismissal pursuant to Rule 41(b).